[No. 4287.]

## MacMillan v. Spencer, County Clerk.

1. Elections—Nominations—Protests—Disqualification of Judge.

Where a protest was made against the filing of a list of nominations by petition under the name of the "Republican Ticket" on the ground that a list of nominations for the same offices had already been made by the Republican party and filed under the name "Republican Party" and that the nominations in controversy if filed would tend to confuse and mislead voters, a judge of the district court who was a candidate of the Republican party for re-election and whose name appeared on their list of nominations was personally interested and disqualified to try the protest.

2. Elections—Party Names.

Where the Republican party had met in convention and made and filed nominations under the name "Republican Party" a different list of nominations under the name of "Republican Ticket" would tend to confusion and should not be placed upon the official ballot.

*On Review from the District Court of Arapahoe County.*

Mr. Wm. L. Dayton, for petitioner.

No appearance for respondent.

*Per Curiam.*—October 21, 1900, there was filed with respondent a certificate of nomination by petition for offices to be filled by the voters of Arapahoe county, and of the second judicial district. The party name selected was "Republican Ticket." Theretofore the Republican party for this county and district had placed in nomination by convention candidates for the same offices named in the petition under the name "Republican Party." This party is a political organization entitled to nominate by convention. The nominees by petition were protested before respondent, who sustained such protest. Thereupon petitioner sought to have this action reviewed in the district court. The cause came on for hearing before a judge of that court who had been named as

a nominee by the petition, the validity of which is involved in this action. It is conceded that prior to the institution of this proceeding in the district court, he had declined to accept such nomination. It appears that he is a candidate on the ticket nominated by the Republican party. Respondent objected to the cause being tried before this judge, for the reason that he was a candidate, which objection was overruled. Upon the evidence being submitted, the action of respondent was sustained. From this judgment petitioner brings the cause here for review. It is only necessary to pass upon two questions: (1) Should the judge have tried this cause in the face of the objections made? (2) What judgment should be rendered?

The refusal of the judge to accept the nomination by petition did not remove his disqualification arising from the fact that he was a candidate of the Republican party. Being a candidate of the latter, he was certainly interested in the result, for the reason that the list of nominations in controversy in this case, if awarded a place upon the official ballot, would be inimical to the interests of the party of which he was a candidate and therefore hostile to his. Parties to a controversy are entitled to have it determined before a judge who has no personal interest in the result, and when it is made to appear he has, he is disqualified from acting in such case. The facts are somewhat different from those which we held disqualified the judge from trying the action determined in *Phillips v. Curley*, *ante* 34; but the reason which incapacitated the judge from acting in that case is the same as in this—*i. e.*, personal interest. The action of the judge in retaining this cause for trial, under the facts disclosed by the record, is inexcusable. The judiciary should be extremely careful that they do not render themselves open to just criticism in assuming to try causes which concern them personally and differently from other citizens. The objection made by respondent should have been sustained,

and another judge called in to try the cause, or it should have been sent to another district for trial.

The judgment rendered is clearly correct. A list of nominations had already been filed with respondent by the Republican party. Those seeking to appropriate the name of that party under the designation employed had no right whatever to do so. Two tickets on the official ballot under the respective names "Republican Party" and "Republican Ticket," would certainly tend to confusion. It needs no argument to demonstrate that this would be the result. The question is the same as that involved in *Phillips v. Curley supra.* On the authority of that case the judgment of the district court is affirmed.

*Affirmed.*